Campbell agt. Self.

SAMUEL B. CAMPBELL and wife, *et al.* agt. GEORGE SELF.

An *affidavit* by a defendant of the service of a declaration will be held conclusive as to the time of such service, against a sheriff's *certificate.* In such a case the sheriff is put to his affidavit.

*December Term,* 1845.

MOTION by defendant to set aside default and subsequent proceedings for irregularity.

The defendant swore that a copy declaration in this cause was served on him, on Wednesday, the 28th May, 1845, by a person who represented himself as a deputy sheriff; it was served in a field adjoining the highway, where he was at work, and was sure he could not be mistaken as to the time of service. The default of the defendant for not pleading, was entered by plaintiff's attorney on the 17th of June, 1845, in the morning of that day. At 9 o'clock in the morning of the 17th of June, 1845, defendant's attorney served papers for a motion in this cause, and an order staying proceedings upon the clerk of this court, Albany, directed to plaintiffs' attorney, New-York. Plaintiffs' affidavits in opposition to this motion, contained a copy of the deputy sheriff's certificate of the service of the narr, &c., on defendant, by which it appeared the service was made on the 27th May, 1845.

J. KOON, *defendant's counsel and attorney.*

J. McKOWN, *plaintiffs' counsel.*

P. CLARK, *plaintiffs' attorney.*

It was insisted by defendant's counsel that the defau..t was entered too soon ; that the defendant's *affidavit* of the time of the service of the declaration should govern, in preference to the deputy sheriff's *certificate.*

JEWETT, Justice. Held, that the default was irregular; that the affidavit of defendant must control as to the time of service. If the deputy sheriff had made an *affidavit* of the time of service, it would have been a conclusive answer to defendants.